UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-18

v.

FINESSE LATCHISON

_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

        XX     18 U.S.C. § 3142(f)(1).

        __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

__ the date of conviction, **or**

__ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

D.  **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__  (1) There is a serious risk that the Defendant will not appear.

__  (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__  by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__  by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

XX  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine and heroin. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 23 years of age. He has lived the majority of his life in the St. Louis, Missouri area. The Defendant is married, but separated, and is presently unemployed. He previously worked in a mattress factory, in construction, as a tutor, and at the St. Louis Arch National Park. The Defendant conceded to Pretrial Services that he is an occasional user of marijuana, and he last used approximately two weeks ago.

In June 2009, the Defendant pled no contest to domestic violence charges in the Bay County Michigan courts. Over the next two months, he was charged on two occasions with traffic offenses in the Saginaw area. He apparently failed to appear, as warrants were issued. Four days after the second traffic violation, the Defendant was again charged with domestic violence, to which he pled guilty and was sentenced to fines and eight months probation. The AUSA notes that Defendant was serving this term of probation during the time of the alleged conduct in the Second Superceding Indictment. In 2010, the Defendant had two warrants filed against him from the Bay County Michigan courts: one for contempt for failure to report to jail on one of the domestic violence convictions, and the second for misdemeanor shoplifting. The Pretrial Services report also notes that in 2009 the Defendant was issued seven traffic citations, and that his record includes a failure to comply with traffic court judgments and three failures to appear.

Counsel for the Defendant proffers that the Defendant could return to Missouri on a tether, or to the address of a friend in this area. Counsel then candidly admitted that the friend informed him that the friend's landlord would not allow Defendant to reside in that apartment. Counsel also points to Defendant's position in the Superceding Indictment's caption, and suggests that he was a minor part of the alleged conspiracies. The numerical position of a Defendant in the caption of the charging document, however, neither alters the

4

presumption in favor of detention, or is a factor listed for consideration under the Bail Reform Act.

In light of the fact that the Defendant has no potential residence in this area, has outstanding warrants and a history of failures to appear in much less serious matters, as well as two domestic violence convictions within a span of three months, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. In the event the presumption in favor of detention had been rebutted, these same facts, coupled with the Defendant's relatively insubstantial economic ties to this area, force me to conclude that there are no conditions nor any combination of conditions which would reasonably assure either the safety of the community or Defendant's appearance at court hearings as required.

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                               s/ Charles E Binder
                                               CHARLES E. BINDER
Dated: September 24, 2010                        United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and John Minock, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: September 24, 2010          By     *s/Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder